IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES REGINALD YOUNG,

    Petitioner,

v.                                                CASE NO. 1:07-cv-00099-MP-AK

STATE OF FLORIDA,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 11, Report and Recommendation of the Magistrate Judge, recommending that Petitioner Young's Petition for Writ of Habeas Corpus, Doc. 1, be dismissed. The Magistrate Judge filed the Report and Recommendation on Monday, July 9, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made.

Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2554. Because Petitioner is no longer in custody of the State, and because the instant petitioner is an unauthorized second or successive petition, the Magistrate recommends that the petition be dismissed. Federal district courts have jurisdiction to entertain habeas petitions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254(a) requires that an applicant for federal habeas corpus relief be "in custody" at the time the application is filed. A petitioner is not "in custody" to challenge a conviction when the sentence imposed for that conviction has completely expired.

Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989).

In his objections, Petitioner states that he is still in the "custody" of the state of Florida since he is currently serving the supervision period of his state sentence. The meaning of "custody" has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone, but also applies where individuals are subject both to "significant restraints on liberty . . . which were not shared by the public generally," along with "some type of continuing governmental supervision." Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir.1997) (quoting Jones v. Cunningham, 371 U.S. 236, 240, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and Tinder v. Paula, 725 F.2d 801, 803 (1st Cir.1984)). Regardless of whether the continued State supervision of Petitioner constitutes "custody," Petitioner has previously challenged the 1995 conviction underlying the instant petition. Therefore, the instant petition is an unauthorized second or successive petition, and Petitioner must seek leave of the United States Court of Appeals for the Eleventh Circuit for permission to file the instant case. 28 U.S.C. § 2244(3)(A).

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 11, is adopted and incorporated by reference in this order.

2. The petition for writ of habeas corpus, Doc. 1, is DENIED, and this case is DISMISSED.

**DONE AND ORDERED** this  *31st* day of July, 2007

<u>*s/Maurice M. Paul*</u>
Maurice M. Paul, Senior District Judge